UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HILLARY BERRY,

    Plaintiff,

vs.

EQUIFAX INC.; MERCEDES-BENZ FINANCIAL
SERVICES USA LLC; AND EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, HILLARY BERRY ("Plaintiff"), by and through undersigned counsel, and brings this action against Defendant, EQUIFAX INC. ("Equifax"), Defendant, MERCEDES-BENZ FINANCIAL SERVICES USA LLC ("MBFS"), and Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. The FCRA's purpose is to require that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter."  15 U.S.C. § 1681(b).

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

4. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Additionally, Plaintiff resides here and Defendants do business in this District.

## PARTIES

5. At all times material hereto, Defendant, Equifax was and is a foreign corporation, incorporated under the laws of the State of Georgia; duly licensed to transact business in the State of Florida, with its principal place of business at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309.

6. At all times material hereto, Defendant, MBFS was and is a foreign limited liability company, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, with its principal place of business at 36455 Corporate Dr., Farmington Hills, MI 48331.

7. At all times material hereto, Defendant, Experian was and is a foreign corporation, incorporated under the laws of the State of Ohio; duly licensed to transact business in the State of Florida, with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626.

8. At all times relevant to this Complaint, Equifax and Experian were and are

"consumer reporting agencies" as said term is defined under 15 U.S.C. § 1681a(f), who regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

9. At all times relevant to this Complaint, Equifax and Experian, issued, assembled, transferred and published "consumer reports," regarding Plaintiff, as defined under 15 U.S.C. § 1681a(d)(1).

10. At all times relevant to this Complaint, MBFS was and is a "person as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C. § 1681.

11. At all times relevant to this Complaint, Plaintiff was and is a natural person, and is a "consumer" as that term is defined under 15 U.S.C. § 1681a(c), and/or a person with standing to bring a claim under the FCRA by virtue of being directly affected by violations of the Act.

## BACKGROUND AND GENERAL ALLEGATIONS

12. In or around 2009, Plaintiff's parents purchased a Mercedes-Benz car for Plaintiff at a dealership in Miami.

13. Plaintiff's parents financed the car through Defendant, MBFS and were the only signors on the loan.

14. Plaintiff was not a signor on the loan as she never signed any documents to finance the car nor gave MBFS her personal information (Ex. Social Security Number).

15. In 2017, Plaintiff's parents filed Chapter 13 Bankruptcy and included MBFS as an unsecured creditor for the amounts still owed to MBFS for the purchase of the car.

16. In June of 2017, Plaintiff pulled her three separate credit reports and noticed that MBFS was listed on all three-credit reports for the first time, even though she owes no debt to MBFS.

17. On June 20, 2017, Plaintiff sent Defendants, Equifax and Experian, letters disputing the MBFS's reporting of inaccurate information. See attached Dispute Letters to Equifax and Experian as **Exhibit A**.

18. On or about July 26, 2017, Plaintiff sent Defendant, MBFS, a letter disputing MBFS's reporting of inaccurate information. See attached Dispute Letter to MBFS as **Exhibit B**.

19. Plaintiff has hired Loan Lawyers, LLC to represent her and has agreed to pay reasonable attorney' fees.

### COUNT I – VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)
*(Equifax Inc. and Experian Information Solutions, Inc.)*

20. Plaintiff repeats, re-alleges and incorporates by reference herein paragraphs 1 through 19 above.

21. The FCRA mandates that a credit reporting agency conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C § 1681i(a)(1). The Act imposes a 30-day limitation for the completion of such an investigation. *Id*.

22. The FCRA provides that if a credit reporting agency conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the credit reporting agency is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

23. On multiple occasions in 2017, the Plaintiff has initiated disputes with Equifax and Experian requesting that they correct and/or delete a specific item in her credit file that is patently inaccurate, misleading and highly damaging to her, namely, reference to her owing MBFS $7,429, which states has been charged off.

24. Plaintiff specifically advised Equifax and Experian on numerous occasions that a mistake had been made, provided the necessary information to Equifax and Experian to support same, and request the trade line be corrected accordingly, *i.e.*, any reference to MBFS be deleted.  See **Exhibit A**.

25. Either Equifax and Experian conducted no investigation of Plaintiff's disputes, or such "investigations" were so shoddy as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

26. By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax and Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to the dispute lodged by Plaintiff.

27. As a direct and proximate result of Equifax's and Experian's repeated disregard for Plaintiff's dispute outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

28. As a direct and proximate result of Equifax's and Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of

actual damages in amounts to be proved at trial, plus reasonable attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1681o.

29. Upon information and belief, Equifax and Experian has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing their own bottom line above their "grave responsibility" to report accurate data on consumers.

30. Equifax's and Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.  The injuries suffered by Plaintiff are attended by circumstances of fraud, malice and/or willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against Defendant, plus attorneys' fee and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Hillary Berry, respectfully prays that judgment be entered against Equifax Inc. and Experian Information Solutions, Inc. for the following relief:

a. Actual damages in an amount to be proved at trial;

b. Punitive damages as provided for by 15 U.S.C. § 1681n(a)(2);

c. Statutory damages as provided for by 15 U.S.C. §1681n(a)(1);

d. Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and

e. Such other and further relief as this Court deems just and proper.

### COUNT II – VIOLATION OF THE FCRA, 15 U.S.C. § 1681s-2(b)(1)
*(Mercedes-Benz Financial Services USA LLC)*

31. Plaintiff repeats, re-alleges, and incorporates by reference herein paragraphs 1 through 19 above.

32. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, *to wit*:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results on the reinvestigation promptly –
>
>> i. modify that item of information;
>> ii. delete that item of information; or
>> iii. permanently block the reporting of that item of information.

*See* 15 U.S.C. § 1681s-2(b)(1).

33. On June 20, 2017, Plaintiff contacted Equifax and Experian to dispute the accuracy of the information being reported about her. See **Exhibit A**.

34. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), MBFS received notification of this dispute from Equifax and Experian.

35. On July 26, 2017, Plaintiff sent MBFS a letter disputing the accuracy of the information being reported about her. See **Exhibit B**.

36. In addition, Plaintiff contacted MBFS via phone, advising MBFS that its trade line on her Equifax and Experian credit reports were reflecting an amount owed to MBFS for which she was not responsible and causing her problems with being approved for credit.

37. MBFS failed to conduct a reasonable investigation into the accuracy of information related to the disputed trade line, in violation of 15 U.S.C. § 1681s-2(b)(1).

38. Notwithstanding MBFS's actual knowledge that Plaintiff was never a signor on the loan, MBFS's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

39. In addition to the violation as described above, MBFS failed to satisfy its duty under 15 U.S.C. § 1681s-2(b) of updating incomplete or inaccurate information it had previously reported to the credit reporting agencies upon receipt of each notice from Equifax and Experian that Plaintiff disputed the accuracy of the previously reported information.

40. As a direct and proximate result of MBFS's willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling her to an award of actual damages in amounts to be proved at trial, plus reasonable attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1681o.

41. MBFS's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against MBFS, pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE**, Plaintiff, Hillary Berry, respectfully prays that judgment be entered against Mercedes-Benz Financial Services USA LLC for the following relief:

a. Actual damages in an amount to be proved at trial;

b. Punitive damages as provided for by 15 U.S.C. § 1681n(a)(2);

c. Statutory damages as provided for by 15 U.S.C. §1681n(a)(1);

d. Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and

e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Hillary Berry, hereby demands a trial by jury of all issues so triable.

*/s/ Anthony C. Norman*
Anthony C. Norman, Esq.
Florida Bar Number: 112105
Matisyahu H. Abarbanel, Esq.
Florida Bar Number: 130435
E-mail: anthony@fight13.com
Secondary E-mail: traci@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786